AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Raymond Neil Smith | ) | Case No. |
| | ) | 6:24-mj- 1419 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 19, 2024 _____ in the county of _____ Brevard _____ in the

_____ Middle _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(ii) | Unlawfully transporting aliens |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Scott P. Woods, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 04/20/2024 _____

_____
*Judge's signature*

City and state: _____ Orlando, FL _____

Robert M. Norway, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA**

**COUNTY OF ORANGE**

Case No. 6:24-mj- 1419

## CRIMINAL COMPLAINT AFFIDAVIT

The affiant, Special Agent Scott P. Woods of Immigration and Customs Enforcement, Homeland Security Investigations, being duly sworn states:

## AGENT BACKGROUND

1.     I am currently employed by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations as a Special Agent (SA) and have been so employed since January 1989. I have successfully completed both the Criminal Investigator Training Program and the U.S. Customs Special Agent Training Program at the Federal Law Enforcement Training Center at Brunswick, Georgia. I am currently assigned to HSI Space Coast in Rockledge, Florida. As part of my duties and responsibilities, I investigate federal criminal violations of the United States Code, as well as administrative violations of the United States Immigration and Nationality Act. I have received extensive training in border search authority and narcotics smuggling techniques.

## PURPOSE OF AFFIDAVIT

2.     This affidavit is submitted in support of a criminal complaint charging Raymond Neil SMITH (herein referred to as SMITH) with Transportation of Undocumented Aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (b)(1). This

offense occurred on April 19, 2024, in Brevard County, Florida, in the Middle District of Florida. The facts contained in this affidavit are based on my own personal knowledge, as well as information provided to me by other law enforcement officers and civilians. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, it does not contain each and every fact known by me or learned during the course of the investigation.

3.      It's a violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (b)(1) for anyone who knows or who acts with reckless disregard of the fact that an alien is in the United States illegally to transport the alien to further the alien's illegal presence for commercial advantage or financial gain. The elements are as follows:

(1)    an alien entered or remained in the United States in violation of law;

(2)    the Defendant knew or recklessly disregarded the fact that the alien was in the United States in violation of the law;

(3)    the Defendant transported the alien within the United States to further the alien's unlawful presence; and

(4)    the Defendant's motive was commercial advantage or private financial gain.

To act with "reckless disregard of the fact" means to be aware of but consciously and carelessly ignore facts and circumstances clearly indicating that the person transported was an alien who had entered or remained in the United States illegally.

2

## PROBABLE CAUSE BASIS

4.      On March 28, 2024, a Source of Information (SOI1) provided

information to HSI SAs regarding Raymond SMITH, who is a United States Citizen

residing in Brevard County, Florida.  SMITH is the president and sole owner of a

business named G and G Roofing Construction Inc. based in Brevard County,

Florida.  SOI1 stated that SMITH has previously transported undocumented aliens

on his boat to and from the Bahamas, where he owns property.  The undocumented

aliens, who are employees of G and G Roofing Construction Inc., travel to the

Bahamas to work on SMITH's property in the Bahamas.  SOI1 admitted previously

transporting undocumented aliens who are employees of G and G Roofing

Construction Inc. to the Bahamas at SMITH's direction.  SOI1 also stated that at the

direction of SMITH, the undocumented aliens were to be transported to the

Bahamas via vessel to avoid detection instead of flying on a plane where they would

be required to present valid documentation to legally be admitted back into the

United States.  SOI1 also stated that two individuals named "G&G Employee 1"

and "G&G Employee 2," who are employees of G and G Roofing Construction Inc.,

frequently go to the Bahamas to do work on SMITH's property in the Bahamas.

SOI1 is a United States citizen who is cooperating with the government in hopes of

receiving consideration on his own criminal conduct with SMITH.  SOI1's

information has been corroborated through the investigation conducted by HSI

agents and I have found his information to be reliable.

3

5.      On April 17, 2024, another Source of Information (SOI2) provided information to HSI SAs regarding Raymond SMITH. SOI2 is a United States Citizen. SOI2 stated he has traveled to SMITH's property in the Bahamas to do construction work for SMITH on at least four occasions. While in the Bahamas, SOI2 has observed G and G Roofing Construction Inc. employees doing construction work at SMITH's property. SOI2 was told directly by SMITH that the employees were not United States Citizens and "did not have papers," and therefore had to travel to and from the United States and the Bahamas via vessel to avoid detection. SOI2 also stated that "G&G Employee 1" was one of the employees he observed in the Bahamas.

6.      On April 19, 2024, surveillance was conducted at SMITH's residence located in Brevard County, Florida, which is located directly on the Intracoastal Waterway/Indian River (ICW), which has direct access to the Atlantic Ocean. A 2020 42-foot Freeman offshore center console vessel was observed docked at SMITH's residence. This vessel was later confirmed to be registered to SMITH. At approximately 7:20 A.M., several individuals were observed loading duffel bags and boxes onto the vessel. At approximately 7:48 A.M., six individuals were observed boarding the vessel and the vessel was observed departing the residence, heading southbound on the ICW. The vessel was observed entering the Sebastian Inlet, which leads into the Atlantic Ocean.

7.      At approximately 9:00 A.M., CBP AMO Marine Interdiction Agents, who maintained visual observation of the vessel since it entered the Sebastian Inlet, observed the vessel crossing the 3-nautical mile boundary from shore, also known as the U.S. Territorial Seas.  Agents utilized a GPS chart plotter and radar to determine the distance from shore.  CBP AMO Agents approached and stopped the vessel to conduct a vessel documentation check and asked the captain who was operating the vessel (later determined to be SMITH) where they were headed.  SMITH stated they were headed to Lobbers Cay, Bahamas.  There was a total of six adult males onboard: two United States Citizens and four Honduran Nationals (G&G Employee 1, G&G Employee 2, G&G Employee 3, G&G Employee 4).  Two of the Honduran Nationals (G&G Employee 3 and G&G Employee 4) were wearing G and G Roofing Construction Inc. shirts.  Based on the totality of the circumstances, CBP AMO escorted the vessel back to the Sebastian Yacht Club boat ramp located in Indian River County, FL to conduct a border search of the vessel in a controlled and safe environment.  Once the vessel was at the Sebastian Yacht Club, CBP AMO Agents conducted a border search of the vessel.  HSI SA Michael Rifenberg and HSI Task Force Agent (TFA) Megan Lane arrived on scene shortly thereafter.

8.      At approximately 10:41 A.M. HSI SA Rifenberg and TFA Lane began to interview SMITH at the Sebastian Yacht Club. Prior to questioning, TFA Lane informed SMITH of his constitutional rights, via a written warning and waiver form. SMITH stated that he understood his rights and agreed to be interviewed. Post-

5

*Miranda*, SMITH stated, in sum and substance, the following: SMITH stated that he was the president and sole owner of G and G Roofing Construction Inc. He founded the business 17 years ago. He stated all the passengers on the vessel are employees of G and G Roofing Construction Inc. and are on the payroll. SMITH stated his company has approximately 80 to 100 employees. SMITH stated one passenger is named "G&G Employee 1," who has been an employee for approximately six years. SMITH stated "G&G Employee 1" is from Honduras and lives in Vero Beach, FL. SMITH stated he knew "G&G Employee 1" was not a United States Citizen. SMITH stated another passenger is named "G&G Employee 2," who has been an employee for approximately one year. SMITH stated the other two passengers (G&G Employee 3 and G&G Employee 4) are also employees of his, but he does not know them very well because they have been with the company for less than one year. SMITH indicated he does not know the immigration statuses of the four employees traveling on the vessel. SMITH stated they were traveling to his property located in Lobbers Cay, Bahamas. SMITH stated they were all being paid via the payroll to do work in the Bahamas at SMITH's property. SMITH stated he confirmed all the passengers had passports and/or Temporary Florida Driver Licenses before traveling, but then subsequently acknowledged that the passports were not U.S. Passports.

9.     When asked who conducts the hiring at his business and who verifies that applicants are authorized to work in the United States, SMITH claimed he is not

involved in the process and that it is handled by administrative personnel. When asked if he is familiar with Form I-9 (Employment Eligibility Verification) and how the forms are required to be completed for each employee, SMITH stated he was familiar with Form I-9. SMITH stated he "would assume" his company would go through all the proper protocols when hiring individuals.

10.     U.S. Border Patrol was contacted for assistance in identifying the immigration status of the four Honduran Nationals. Utilizing various immigration databases, U.S. Border Patrol determined three of the four Honduran Nationals (G&G Employees 1-3) have previously been encountered by immigration officials and have pending immigration cases. U.S. Border Patrol discovered that the fourth Honduran National identified during this encounter (G&G Employee 4) has had an active Expedited Removal order against him since 2018, and has no current immigration documents to live, work, or remain in the United States.

## CONCLUSION

11.     Based on the foregoing, there is probable cause to believe that Raymond SMITH knowing or in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, transported, or moved such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law, for commercial advantage in violation of 8 U.S.C. §§ 3124(a)(1)(A)(ii), (b)(1).

7

This concludes my affidavit.

Scott P. Woods
Special Agent
Homeland Security Investigations

Sworn to and subscribed before
me this 20th day of April, 2024

The Honorable Robert M. Norway
United States Magistrate Judge

8